## J. A. THOMPSON v. DUNN & WOODBURY.

VARIANCE.—In a suit for damages for killing animals the verdict will not be set aside on account of variance between the description of the property in the pleadings and that given by the witnesses on trial, if the description is such as reasonably should have satisfied the jury that the property described in the petition was the same attempted to be described by the witnesses.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

*James Turner*, for appellant, cited the following author-

ities: Moore *v.* Anderson, 30 Tex., 224; Ector *v.* Wiggins, 30 Tex., 55; Green *v.* Hill, 4 Tex., 465; Burnett *v.* Henderson, 21 Tex., 590; Hall *v.* Jackson, 3 Tex., 310; Park *v.* Glover, 23 Tex., 472; Guffey *v.* Moseley, 21 Tex., 409; Hunt *v.* Wright, 13 Tex., 549.

*George L. Hill*, for appellees.

ROBERTS, CHIEF JUSTICE.—The appellant was sued by appellees in an action of damages for killing their mule, and a verdict and judgment was rendered in their favor against him.

The only questions raised in the motion for new trial and assignments of error are that the verdict of the jury was contrary to the evidence and contrary to the charge of the court, and because the plaintiffs failed to prove the loss of any such mule as is described in the petition.

In support of the first ground, reliance is placed on the extravagant and contradictory evidence and improper conduct of the principal witness who had the care of the mules. However weak, intrinsically, his evidence alone may be, it is substantially confirmed by the other witnesses, so as that it was established in evidence that the plaintiffs' mule was found shot and died near the premises of the defendant; that tracks of a horse or mule and blood was seen within his inclosure; that the report of a gun was heard in or near the direction of his house the night the mule was shot, and also the sound of nailing was heard that night about his premises; that a short time before there was a conversation between Thompson and the principal witness for plaintiffs, Fahey, which renders it probable that Thompson threatened to shoot the mules, as stated by Fahey. The defendant did not offer himself as a witness to rebut this presumptive evidence against him, nor does any reason appear why he did not. The jury having concluded under such a state of facts that the defendant did shoot the mule, it was not

error in the court to decline to set aside their verdict on that account.

The second ground of objection to the verdict is the alleged variance between the allegations of the petition and the proof as to the identity of the mule that was shot. There is no question made as to the plaintiffs being the owners of the mule that was shot, but it is described in the petition as a "large dark bay mare mule," and one of the witnesses, Fahey, describes it as a "large black mare mule," and another witness describes it as a "dark colored mare mule." There was no objection on the trial to the admission of this evidence not tending to establish the identity of plaintiffs' animal alleged to be killed by defendant, which was the object of its introduction. The evidence was satisfactory to the jury that the plaintiffs' mule found shot was the same mule described in the petition. There is certainly not so wide a difference in description in calling an animal a large dark bay mare mule, which is proved to be a dark colored mare mule, as to enable the court to say that they are necessarily not descriptions of the same animal and set aside the verdict of the jury. It is well known that the color of an animal is described differently by different persons. It need not have been alleged at all, and was only alleged by way of identity of the animal; and although it had been attempted to be described in a dozen different ways by as many witnesses, none of them exactly agreeing, still if their descriptions were such as reasonably should have satisfied the jury that the animal described in the petition was the same as that attempted to be described by the variant witnesses, it would be a sufficient identity of the animal.

It is altogether different from the cases where there is a variance between the note or other instrument in writing as alleged, and as produced on the trial in evidence, and then objected to as inadmissible.

The court did not err in declining to set aside the verdict on the ground of variance. '

The charge of the court was correct in reference to the facts in evidence and the verdict was conformable to it.

There being no error in the record the judgment is affirmed.

AFFIRMED.