# Ex Parte Cintrón et al.

## Application for a Writ of Habeas Corpus.

No. 27.—Decided January 25, 1904.

Appeal—District and Justice Courts.—The proceedings had in the district court in cases appealed from justice courts are final, and no appeal lies to the Supreme Court.

Habeas Corpus—Requisites of Petition.—Petitions for the writ of *habeas corpus* should be confined to a plain statement of the facts without allegations of law.

Id.—Petition—Verification.—The petition for a writ of *habeas corpus* should be sworn to before some officer authorized by law to administer oaths, but if made by an attorney who is a member of a firm of lawyers the oath should not be taken before another member of the firm.

Id.—Object of the Writ of Habeas Corpus.—The object of the writ of *habeas corpus* is to free from unlawful restraint, and it can never be invoked for the purposes of an appeal, writ of error, or *certiorari,* or to repair damages occasioned by the illegal restraint.

Id.—The appellate court will not discharge a prisoner on a writ of *habeas corpus* on the ground of the insufficiency of the evidence.

Id.—Erroneous and Void Judgment—Appeal and Writ of Error.—An erroneous sentence can only be reviewed on appeal or writ of error, and in

Id.—Competencia.—El hecho de que un Tribunal declare culpable á un acusado,
á pesar de que la prueba aportada al juicio no pudiera justificar tal de-
claración, no afecta en lo más mínimo la competencia del Tribunal, y no es
motivo suficiente para decretar la excarcelación del prisionero en un proce-
dimiento de Habeas Corpus.

Habeas    Corpus.—Sentencia    Erronea    y    Sentencia    Nula.—Ape-
lación ó Recurso por Causa de Error.—Una sentencia errónea sólo puede
ser revisada en una apelación ó en un recurso por causa de error, y si la ley
no concede estos recursos, la sentencia es ejecutoria y debe subsistir, á no
ser que los errores de que adolezca sean de tal naturaleza que produzcan
su nulidad, en cuyo caso puede ser traida á discusión en un procedimiento
de Habeas Corpus.

Id.—Sentencia de Tribunal Competente.—En los casos en que aparezca que
el peticionario está detenido por un mandamiento expedido á virtud de sen-
tencia firme, dictada por Tribunal competente, la solicitud de excarcelación
por Habeas Corpus debe ser denegada.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sres. Diaz y Texidor.*

Abogado del Pueblo: *Sr. del Toro,* Fiscal.

El Juez Asociado Sr. MacLeary emitió la siguiente opi-
nión del Tribunal.

En el mes de Octubre próximo pasado los solicitantes
fueron convictos en el Juzgado de Paz "Oeste" del Distrito
de Ponce, por el delito de alteración de la paz pública, y con-
denados al pago de veinte y cinco dollars de multa; contra
esta sentencia interpusieron recurso de apelación para ante
la Corte de Distrito de Ponce, en cuyo Tribunal se revisó la
causa de acuerdo con los estatutos, en 23 de Diciembre, con-
firmando la sentencia del Tribunal inferior, fijando la multa
en veinticinco dollars y las costas. La sentencia de la Corte
de Distrito se pronunció por una mayoría de los tres jueces,
presentando el Juez Presidente su voto particular. No cabe
duda de que el Juez de Paz era competente para conocer de
este caso, en primer lugar, y de que la Corte de Distrito tuvo
jurisdicción final para decidirlo en apelación, y de tal sen-
tencia no hay lugar á recurrir ante este Tribunal. (Véase
la Sección 59 del Código de Enjuiciamiento Criminal). La
solicitud para auto de habeas corpus en este caso es un docu-

the absence of these remedies the judgment is final unless the errors appearing therein are of such a nature as to render the judgment void, in which case it may be considered on an application for *habeas corpus*.

ID.—The writ of *habeas corpus* will be denied where the petitioner is imprisoned by virtue of a warrant and final judgment of a competent court of criminal jurisdiction, and where it appears that the jurisdiction of such court has not been exceeded.

The facts are stated in the opinion.

*Messrs. Díaz & Texidor,* for the petitioners.

*Mr. del Toro, Fiscal,* for the People.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

In the month of October last the applicants were convicted in the court of the justice of the peace for the Western district of Ponce, of a breach of the peace, and were fined in the sum of twenty-five dollars, from which judgment they took an appeal to the Disrict Court of Ponce, where the case was reheard in accordance with the statutes, on the 23d of December, and the judgment of the lower court was afifrmed, fixing the fine at twenty-five dollars and costs. The judgment of the district court was rendered by a majority of the three judges, the presiding judge of that court filing a dissenting opinion.

There is no doubt that the justice of the peace had jurisdiction to try this case in the first place, and that the district court had final jurisdiction to decide the same on appeal, and from such judgment there is no appeal to this court. (See section 59 of the Code of Criminal Procedure.)

The application for *habeas corpus* in this case is a voluminous document, much longer than necessary, and is subject to criticism in several particulars. In the first place, applications for *habeas corpus* should be confined to a plain state-

mento voluminoso ,mucho mas largo de lo necesario, y está expuesto á la crítica en varios particulares. En primer lugar, solicitudes para habeas corpus deben limitarse á una exposición clara de los hechos, según la sección 470 del Código de Enjuiciamiento Criminal. El segundo párrafo de dicha sección no quiere indicar que el abogado debe hacer un largo argumento legal en la solicitud, para demostrar la ilegalidad de la detención. Se puede presentar el alegato, si es necesario, en el juicio, pero no tiene lugar propio en la solicitud. Esta solicitud se hace por el Señor Don Herminio Diaz Navarro, quien se denomina miembro de la sociedad profesional de Diaz y Texidor, y abogado de Eleuterio Cintrón y José Mayaza. Es cierto que dicho estatuto permite que la solicitud se haga por el detenido, ó por su representante, pero el ejercicio en los Estados Unidos, y según yo entiendo, el propio ejercicio es, que en todos casos que sea practicable la solicitud debe firmarse bajo juramento por el mismo detenido, y debe hablar en su defensa. No prescribe ninguna forma particular necesaria para la preparación de la solicitud, y el mismo detenido, si puede escribir, y si la necesidad lo exigiera, podria preparar un relato informal que serviria como solicitud para habeas corpus. Si el detenido sea demente, ó fuera del alcance de su abogado, ó si por cualquiera razón no puede hacer la solicitud, entonces se puede hacer por el abogado, pero de ninguna otra manera. La sección citada requiere que la petición se confirme por la persona que hace la solicitud. Á la presente, el Sr. Diaz ha prestado su juramento ante su socio, el Señor Jacinto Texidor, como notario público. Este es un ejercicio vicioso, y no debe hacerse. Se censura y no se permite en muchos, si no en todos, los estados de la Union Americana. Á solicitudes para habeas corpus debe prestarse el juramento ante el Secretario de este Tribunal, ú otro Oficial autorizado para administrar juramentos, pero ciertamente no debe prestarse ante un miembro de una sociedad por otro de la misma. Estas ob-

ment of the facts, in accordance with section 470 of the Code of Criminal Procedure. The second paragraph of that section is not intended to indicate that counsel should make a lengthy legal argument in the application to show the illegality of the imprisonment. Arguments can be filed, if necessary, on the trial of the case, but they have no proper place in the application itself.

This application is made by Señor Don Herminio Díaz Navarro, who styles himself a member of the professional firm of Díaz & Texidor, and attorney for Eleuterio Cintrón and José Mayaza. It is true that the statute above referred to allows the application to be made either by the prisoner himself or by his representative, or some person in his behalf, but the practice in the United States, and as I conceive the proper practice, is that in all cases where it is practicable the application should be signed and sworn to by the prisoner himself, and should speak in his behalf. It does not provide any particular form as necessary in preparing the petition, and the prisoner himself, if able to write, could, if necessity required, prepare an informal statement which would serve as a petition for *habeas corpus*. If the prisoner is insane or beyond the reach of his counsel, or if for any other reason he cannot make the application, then the same can be made by counsel, but not otherwise.

The section above referred to requires the petition to be verified by the party making the application. This petition is sworn to by Mr. Díaz, before his partner, Mr. Jacinto Texidor, as a notary. This is a vicious practice and should not be followed. It is disallowed and disapproved in many, if not all of the States of the American Union. Applications for *habeas corpus* ought properly to be sworn to before the secretary of this court, or some other officer authorized to administer oaths, but certainly they should not be made by one member of a firm and sworn to before another member of the same firm.

servaciones son propias, en vista de que el auto de habeas
corpus es un remedio nuevo en esta Isla, y el ejercicio está
principiando, y se estima de mucha importancia que se prin-
cipie propiamente, y que se establezca bien en las primeras
decisiones en ese asunto.  La larga petición que se ha pre-
sentado trata el asunto como si fuera el auto de habeas cor-
pus otra clase de apelación, ó recurso por causa de error, y
envuelve el voto particular del Juez Presidente de la Corte
de Distrito, y las objeciones hechas á la decisión de los
Jueces Asociados.  Esta idea del auto de habeas corpus es
enteramente errónea.  Nunca ha sido la intención que se
usara para el propósito de una apelación ó recurso por causa
de error. Su único objeto es de liberar de la detención ilegal
cualquiera persona que se encuentre sufriendo prisión.  No
es para castigar al demandado, ó para servir como repara-
ción de su detención ilegal.  ''No fué formado para juzgar
de nuevo cuestiones de hecho ó para considerar de nuevo un
procedimiento legal.  No puede usarse como sustituto para
un recurso de apelación, ni para recurso por causa de error ó
certiorari.  Errores é irregularidades en el procedimiento
que no llegan á ser cuestiones de competencia, no pueden re-
visarse por habeas corpus''.  (Church on Habeas Corpus,
Sección 87.)  No ha lugar á la duda de que esta es doctrina
pura, pues ha sido declarada por muchos de los mas altos tri-
bunales del país; entre otros, el Tribunal Supremo de Cali-
fornia, en el caso de Bird, ex-parte, 19 California 130, y el
Tribunal Supremo de Texas ,en el caso de Darrah v. Wester-
lage, 44 Texas 388.  Este principio también fué declarado
por este Tribunal en el caso de Antonio Torres, ex-parte, de-
cidido por este Tribunal en 25 de Noviembre próximo pasado.
Además, los estatutos de Puerto Rico son claros y explícitos
en cuanto á los casos en que debe concederse el habeas corpus,
y en cuanto á las razones que deben guiar esta Corte al desen-
carcelar á un detenido en el juicio de tal auto.  La Sección
482 del Código de Enjuiciamiento Criminal á la letra dice:

These observations are proper inasmuch as the writ of habeas corpus is a new remedy in this Island, and the practice is just beginning to be settled, and it is deemed of the utmost importance that it should be settled properly in the early stages of decisions on that subject.

The lengthy petition filed treats the subject as if the writ of *habeas corpus* were another method of appeal, or writ of error, and involves the dissenting opinion of the presiding judge of the district court, and the objections made to the decision of the associate judges.

This is altogether an erroneous view of the writ of *habeas corpus*. It was never intended to be used for the purpose of an appeal or writ of error. Its object is solely to free from illegal restraint any person who is suffering imprisonment. It does not attempt to punish the respondent, or to afford the applicant redress for his illegal detention. "It was not framed to retry issues of fact, or to review the proceedings of a legal trial. It cannot be used as a substitute for appeal, or for a writ of error or *certiorari*. Errors and irregularities of procedure not going to the question of jurisdiction are not reviewable on *habeas corpus*." (Church on Habeas Corpus, sec. 87.)

There is no question that this is sound doctrine, as it has been announced by many of the highest courts of the country; among others, the Supreme Court of California, in the case of *Bird, Ex parte,* 19 California, 130, and the Supreme Court of Texas, in the case of *Darrah v. Westerlage,* 44 Texas, 88. This principle was also announced and acted on by this court in the case of *Antonio Torres, Ex parte,* decided herein on the 25th of November last.

Besides, the statutes of Porto Rico are clear and explicit as to the cases in which the writ of *habeas corpus* should be granted, and as to the reasons which should govern this court in enlarging the prisoner on the trial of such writ. Section 482 of the Code of Criminal Procedure reads as follows:

"Si no ha expirado el tiempo durante el cual puéde estar detenida legalmente una persona, el Juez ó Tribunal ordenará que continue detenida dicha persona, si resulta que está detenida y en custodia:

"1. En virtud de mandamiento expedido por el Juez del Tribunal de Distrito de los Estados Unidos, en los casos en que dicho Tribunal ó Juez tenga competencia exclusiva, ó

"2. En virtud de orden de arresto ó sentencia firme ó decreto de cualquier tribunal competente en la jurisdicción criminal, ó de cualquier mandamiento expedido en virtud de dicha orden de arresto, sentencia ó decreto".

La siguiente Sección, 483 dice que si resulta del auto diligenciado que el preso está en custodia en virtud de mandamiento de cualquier tribunal ó juez de Puerto Rico, ó funcionario del mismo, el preso puede ser excarcelado en cualquiera de los casos siguientes, con sujeción á las prescripciones del Artículo anterior:

"1. Cuando se ha traslimitado la jurisdicción de tal tribunal ó funcionario".

Después siguen seis párrafos que no son aplicables al caso. Se alega que el Tribunal de Distrito traslimitó su jurisdicción al pronunciar culpables, á los demandados, del delito de alteración de la paz pública, porque las pruebas presentadas en la Corte de Distrito no correspondieron exactamente con la declaración jurada sobre la cual los presos fueron originalmente detenidos. Sin embargo, esto no desposeeria la Corte de Distrito de su jurisdicción. El Tribunal de Distrito puede haber cometido un error al declarar culpables á los demandados, pero aún si así fuere, esta Corte no sería justificada, bajo Habeas Corpus, en desencarcelar los detenidos por esa razón. Pero yo no deseo que se me entienda decir que la Corte de Distrito cometió error alguno. Los detenidos fueron convictos del delito de alteración de la paz pública por el Tribunal inferior, también fueron con-

"The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody:

"1. By virtue of process issued by the court or judge of the United States District Court, in a case where such court or judge has exclusive jurisdiction; or

"2. By virtue of a warrant or final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such warrant, judgment or decree."

The following section 483 states that if it appears on the return of the writ that the prisoner is in custody by virtue of process from any court of Porto Rico, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restrictions of the preceding section:

"1. When the jurisdiction of such court or officer has been exceeded."

Then follow six more paragraphs which have no application to this case.

It is contended that the district court exceeded its jurisdiction in convicting these defendants for breach of the peace, because the proofs made before the district court did not exactly correspond with the affidavit on which the prisoners were originally arrested. This, however, would not oust the district court of jurisdiction. The district court may have been in error in finding the defendants guilty, still this court would not be justified, in a proceeding on *habeas corpus*, in liberating the prisoners for that reason.

But I do not wish to be understood as saying that the district court has committed any error. The prisoners were convicted of a breach of the peace in the lower court, and the fine remained the same in each court. Their words and

victos del mismo delito por la Corte de Distrito, y la multa quedó la misma en ambos tribunales. Las palabras y acciones de los detenidos que fueron interpretadas por el policía que presentó la declaración como una insulta al Gobernador podían haber sido las mismas que se probó dijeron y cometieron en el juicio en la Corte de Distrito. No importa si fueron ó no, el delito es el mismo, que fué una alteración de la paz pública. Examinaremos los Estatutos aplicables al caso bajo consideración. La Sección 3 del Código de Enjuiciamiento Criminal provee que sentencias recurridas á la Corte de Distrito de Cortes del Juez de Paz, "se juzgarán atendiendo á la primitiva denuncia ó auto judicial".

*Estatutos Revisados y Códigos de Puerto Rico, pp.* 621.622.

La Sección 286 del mismo Código provee que "el jurado podrá declarar al acusado culpable de la comisión de cualquier delito, necesariamente comprendido en el delito imputádole.

*Estatutos Revisados y Códigos de Puerto Rico, p.* 742.

La Sección 368 del Código Penal define el delito de perturbación de la paz y prescribe el castigo máximum de $200 de multa y noventa días de prisión.

*Estatutos Revisados y Códigos de Puerto Rico, p.* 610.

El delito del cual fué acusado en la demanda original constituyó una perturbación de la paz, y de aquel misdemeanor los solicitantes fueron convictos en el Juzgado de Paz y en la Corte de Distrito, en recurso. Así es que se ha cumplido absolutamente con ley y no se cometió error alguno. La sentencia que se pronunció por la mayoría de los Jueces es, sin duda, correcta. El voto particular del Juez Presidente no alcanza los méritos del caso, sino solamente presenta objeciones técnicas, las cuales fueron propiamente menospreciadas por sus colegas. No es toda sentencia errónea de la Corte de Distrito que puede atacarse con habeas corpus. Solamente son revisables las que son tan erróneas que resul-

actions, which were construed by the police officer who made the affidavit into an insult to the Governor, might have been the same which they were found to have uttered and committed on the trial in the district court. It makes no difference whether they were or not, the offense was the same, which was a breach of the peace.

Let us examine the statutes applicable to the case under consideration. Section 3, Code of Criminal Procedure, provides that cases appealed to the district court from courts of the justice of the peace "shall be tried on the original complaint and warrant," (Revised Statutes and Codes of Porto Rico, pp. 621, 622.)

Section 286 of the same Code provides that "the jury may find the defendant guilty of an offense the commission of which is necessarily included in that with which he is charged." (Revised Statutes and Codes of Porto Rico, p. 686.)

Section 386 of the Penal Code defines the offense of disturbance of the peace and prescribes the punishment at a maximum fine of two hundred dollars and imprisonment of ninety days. (Revised Statutes and Codes of Porto Rico, p. 559.)

The offense charged in the original complaint constituted a disturbance of the peace, and of that misdemeanor the applicants were convicted both in the justice court and in the district court on appeal. So there has been a complete compliance with the law, and no error committed.

The judgment of the district court rendered by a majority of the judges is certainly correct. The dissenting opinion of the presiding judge does not reach the merits of the case, but only raises technical objections which were properly disregarded by his colleagues.

It is not every erroneous judgment of the district court which can be attacked on *habeas corpus*, only those being.

tan nulas.  Una sentencia errónea no puede ser revisada de
otra manera más que por recurso de apelación, ó recurso por
causa de error, y cuando el estatuto no los prescribe, la sen-
tencia tiene que ser firme.  Se ha dicho por los Tribunales
más altos que la sentencia de una Corte inferior puede ata-
carse por habeas corpus solamente cuando las ilegalidades
sean tales que la hacen nula.

Si apareciese en la sentencia sentada en las minutas de la Corte,
en un caso criminal, que el Tribunal era competente para conocer
de la materia y de la persona del demandado, la sentencia no es
nula, no obstante lo errónea que sea, si no es que sea tan indecisa en
sus términos que se considera nula por esa razón.

La ilegalidad indica un defecto completo en el procedimiento.
Gibson, *ex-parte,* 31 California, 620, 627 y 628.

La jurisdicción de la Corte que conoce de la causa, puede ser
revocada siempre al demostrar el hecho que no existe la misma, pero
ordinariamente ni error ni irregularidad en la sentencia de la Corte
inferior puede atacarse por habeas corpus.

La falta del poder de oir y determinar, y no error ó irregulari-
dad en el ejercicio de dicho poder, hace nula á una sentencia.

Winston, *ex-parte,* 9 Nevada, 71;

Sam, *ex-parte,* 51 Alabama, 54;

Nye, *ex-parte,* 8 Kansas, 99;

Shaw, *ex-parte,* 7 Ohio State Reports, 81;

70 American Decisions, 55.

Este caso ha sido presentado bajo un concepto falso de
las atribuciones del auto de habeas corpus, y es claramente
un atento de presentar de esta manera ante este Tribunal los
procedimientos de la Corte de Distrito en el juicio de los
demandados, para la revocación de la sentencia, haciendo de
esta manera servir el auto de habeas corpus como un re-
curso por causa de error ó certiorari, lo que los estatutos y
todas las decisiones declaran no se puede hacer.  Pues siendo
manifiesto del auto en esta causa que estos solicitantes están
detenidos por no pagar la multa que propia y legalmente se
les ha sido impuesta, por virtud del mandato y sentencia firme

subject to review which are so far erroneous as to be absolutely void. An erroneous judgment can only be reviewed and corrected by writ of error or appeal, and where there is none provided by statute the judgment must stand. It has been said by the highest courts that the judgment of the trial court can only be attacked on *habeas corpus* for such illegalities as to render it void.

"If it appear in the judgment entered in the minutes of the court, in a criminal case, that the court had jurisdiction of the subject-matter and the person of the defendant, the judgment is not void, however erroneous it may be, unless it is so uncertain in its terms as to be void on that ground."

"Illegality denotes a complete defect in the proceedings." (*Gibson Ex parte,* 31 Cal. 625, 627 and 628.)

"The jurisdiction of the court trying the case may always be impeached by showing the fact that it does not exist, but ordinarily neither error nor irregularity in the judgment of inferior courts can be assailed on *habeas corpus.*

"The want of power to hear and determine, and not error or irregularity in the exercise of that power, renders a judgment void.

*Winston, Ex parte,* 9 Nevada, 71; *Sam, Ex parte,* 51 Alabama, 54; *Nye, Ex parte,* 8 Kansas, 99; *Shaw, Ex parte,* 7 Ohio State Reports, 81; 90 Am. Dec. 55.

This whole case is presented under a misapprehension of the province of the writ of *habeas corpus,* and is clearly an attempt to thus bring before this court the proceedings had in the district court on the trial of these defendants for a reversal of the judgment, thus making the writ of *habeas corpus* serve as a writ of error or *certiorari,* which the statutes and all the decisions plainly announce cannot be done.

It being apparent, then, from the record in this case that these applicants are detained in custody for the nonpayment of a fine properly and legally imposed upon them, by virtue of a warrant and final judgment of a competent court of crim-

de una Corte competente, de jurisdicción criminal, y que la jurisdicción de dicha Corte no se ha traslimitado la solicitud para desencarcelamiento debe negarse, y los detenidos deben condenarse al pago de todas las costas de este procedimiento. Los presos, por lo tanto, deben reenviarse á la custodia del alcaide de la Cárcel de Ponce, para los efectos de la sentencia que se ha pronunciado en contra de los mismos.

*Denegada la excarcelación.*

Jueces concurrentes, Sres. Presidente Quiñones, y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

### Diez y Arrarás *v.* Bascos et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 31.—Resuelto en Enero 29. 1904.

Falta de Personalidad.—Actuaciones.—Aunque la falta de personalidad en una de las partes produce la nulidad de las actuaciones en que haya intervenido sin derecho para ello, la subsanación de aquella falta convalida, *ipso facto,* todas las actuaciones.

Contratos.—Su Nulidad.—Consentimiento Prestado por Error ó Dolo.—Pruebas.—El consentimiento de las partes es requisito indispensable para la validez de los contratos; mas el consentimiento prestado por error ó dolo es nulo, y produce la nulidad del contrato, y el que invoque la causa de nulidad debe probarla satisfactoriamente.

Id.—Declaraciones Testificales.—Contratos Consignados en Documento Público.—Declaraciones testificales al efecto de que una de las partes en un contrato indujo á la otra á prestar su consentimiento, *manifestándole que de no hacerlo así le sobrevendrían perjuicos á ella y á su familia,* no son suficientes para estimar que el consentimiento ha sido prestado por dolo, y para desvirtuar las estipulaciones contenidas en un documento público, que deben estimarse válidas y eficaces, mientras no se pruebe lo contrario.

Id.—Acción de Nulidad.—Termino para Ejeritarla.—Prescripción.—La acción de nulidad de los contratos sólo dura cuatro años, que en los casos en que se funde en error ó dolo, deberán contarse desde la consumación del contrato; si no se ejercitare dentro de ese término, la acción queda prescrita.

inal jurisdiction, and that the jurisdiction of such court has not been exceeded, the application for enlargement must be denied, and the prisoners should be condemned to pay all the costs of this proceeding.

The prisoners should accordingly be remanded to the custody of the keeper of the Ponce jail, in order that the sentence pronounced against them may be carried into effect.

*Writ denied.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.