No. 12,796.

## BABCOCK ET AL. *v.* THE PEOPLE'S SAVINGS BANK.

WAREHOUSE RECEIPTS.—*Endorsee for Value.*—*Liability of Warehousemen to.* —Where warehouse receipts were issued, providing that the property described therein should be delivered only on return of the certificates properly endorsed, and the warehousemen delivered the property without the return of the warehouse receipts, they are liable to an endorsee of the warehouse receipts who in good faith loaned money upon them. They will not be heard to dispute the endorsee's title, nor to aver that they did not receive the property on the terms specified in the receipts.

SAME.— *What They Represent as True.*—*Innocent Parties.*—*Reliance on Representations.*—The warehouse receipts issued by the appellants represent as true two very essential things: 1. That the warehousemen received the property mentioned in the receipts as warehousemen. 2. That the property will be delivered only on the return of the certificates, properly endorsed. The warehousemen, and not an innocent third party who has relied on their representations, must bear the loss.

SAME.—*Representations.*— *Withdrawal of.*— *When Can Not be Done.*—It is a general rule that one who makes representations can not withdraw or deny them to the prejudice of a third person who has acted upon them in good faith, even though there is no preconceived design to defraud.

From the Vanderburgh Circuit Court:

*J. S. Buchanan* and *C. Buchanan,* for appellants.

*J. M. Shackleford, R. D. Richardson* and *J. T. Walker,* for appellee.

ELLIOTT, C. J.—The appellants were warehousemen, and as such received and stored grain for hire. They received from Elles & Knauss a large quantity of flour, and issued to them warehouse receipts. There are several of these receipts, but, except as to dates, quantity, and the like, the language in each of them is the same. They read thus: "Received from Elles & Knauss, in our William Street Warehouse, on storage from L. & N., 140 barrels of flour, to be delivered

only on return of this certificate, properly endorsed, and payment of charges and insurance.

(Signed)     " E. S. Babcock & Son."

The appellee, in good faith, lent Elles & Knauss four thousand dollars, and they endorsed and delivered to it the warehouse receipts. After this had been done the appellants delivered the flour to the depositors, Elles & Knauss, or some other persons, without the return of the warehouse receipts.

Our judgment is, that the endorsee of the warehouse receipts issued by the appellants having, in good faith, loaned money upon them, is entitled to the possession of the flour, or to its value, and that the appellants can not be heard to dispute the endorsee's title, nor to aver that they did not receive the property on the terms specified in the receipts. Those instruments represent as true two very essential things : that they, the warehousemen, received the property mentioned in the receipts as warehousemen, and that it will be delivered only on the return of the certificates, properly endorsed.

The plainest principles of justice require that the appellants should not be permitted to deny what they represented, and thus cause loss to one who, in good faith, acted upon their statements, and loaned money upon the faith of their representations. Our conclusion is right, as we believe, in principle, and is, we know, well sustained by the authorities. *Planters, etc., Co.* v. *Merchants Nat'l Bank,* 78 Ga. 574 ; *McNeil* v. *Hill,* 1 Wool. (C. C.) 96 ; *First Nat'l Bank* v. *Bates,* 1 Fed. Rep. 702 ; *Whitlock* v. *Hay,* 58 N. Y. 484 ; *Stewart* v. *Phœnix Ins. Co.,* 9 Lea, 104 ; Colebrooke Coll. Secur., p. 506. By issuing these receipts, the warehousemen represented that they had the flour in their warehouse, and would there keep it until the certificates were returned, and they, and not an innocent third person, who has relied on their representations, must bear the loss. *Quick* v. *Milligan,* 108 Ind. 419 ; *Preston* v. *Witherspoon,* 109 Ind. 457 ; *Cowdrey* v. *Vanderburgh,* 101 U. S. 572. The question here is between the parties by whom the instruments containing the representations were

issued, and a person who, in the usual course of commercial business, has acted upon the representations contained in those instruments, and, therefore, the case of *Adams* v. *Merchants Nat'l Bank*, 9 Biss. 396, is not in point.   We neither approve nor disapprove the decision in that case; we simply deny its relevancy.   It is a general rule that one who makes representations can not withdraw or deny them to the prejudice of a third person who has acted upon them in good faith, even though there is no preconceived design to defraud. *Anderson* v. *Hubble*, 93 Ind. 570 ;   *Ward* v. *Berkshire L. Ins. Co.*, 108 Ind. 301.

Judgment affirmed.

Filed April 3, 1889.