CHARLES L. SANGER ET AL. V. TRAVIS COUNTY FARMERS ALLIANCE,

Decided November 30, 1904.

**1.—Gratuitous Bailee—Burden of Proof.**

The testimony failing to show that defendants, who were sued for failing to deliver property stored with them, were bailees for hire, the burden of proof was upon plaintiff to show a wrongful failure to deliver, and not upon defendants to establish their excuse for nondelivery.

**2.—Harmless Error.**

Errors in the charge submitting the issues are not ground for reversal, where, under the undisputed testimony, the parties complaining were not entitled to a verdict.

**3.—Bailment—Receipt—Transfer of Cotton Ticket.**

Cotton having been delivered to a bailee who issued tickets therefor containing the name of the bailor and weight of the bale with the stipulation "Transferable only on the books of the yard," such tickets evidenced a contract restricting the right of assignment by the holder, and the production of the ticket by another party without proof of the transfer of the cotton upon the books was insufficient to establish liability of the bailee to such ticket-holder for failure to deliver the cotton.

**4.—Contract—Custom.**

Custom of a bailee to deliver cotton to the holder of the receipt issued by him to the bailor without transfer by the latter upon the books of the bailee, made necessary to an assignment by the provisions of such receipt, if admissible at all to supersede the stipulation in such contract, must be shown to be uniform in order to be given that effect.

Appeal from the District Court of Travis. Tried below before Hon. R. L. Penn.

*Fiset, Miller & McClendon,* for appellant.—The court erred in its charge to the jury that the burden of proof upon the whole case was upon the plaintiffs. Mims v. Mitchell, 1 Texas, 453; 1 White v. Wilson, sec. 414, citing New York cases; Nelson v. King, 25 Texas, 662-3; Cochran v. Walker, 49 S. W. Rep., 403; Prince v. Alabama St. Fair, 28 Law Rep. Ann., 716; Schooler on Bailments (2d ed.), secs. 23, 56 and 60; American Brew. Assn v. Talbot, 64 Am. St. Rep., 538, and note 546; Higman v. Camody, 57 Am. St. Rep., 33.

Proof of demand upon bailee and his failure to deliver is sufficient. Dunn v. Choate, 4 Texas, 19; Dozier v. Pillot, 79 Texas, 226; Reizenstein v. Marquardt, 1 Law. Rep. Ann., 318.

KEY, ASSOCIATE JUSTICE.—The appellants brought this suit against the appellees, who were doing a cotton yard and warehouse business under the name of the Travis County Farmers Alliance, for the value of twenty bales of cotton, alleged to have been stored in the appellees' cotton yard at Austin, Texas, and not delivered to the appellants upon demand.

There was a jury trial, resulting in a verdict and judgment for the defendants, and the plaintiffs have appealed.

Among other things, the court instructed the jury as follows: "The

burden is upon the plaintiffs to establish all the facts necessary to a recovery by them by a preponderance of the evidence." And refused to give the following instruction requested by appellants: "The jury are instructed that if they believe from the testimony that defendants failed to deliver to plaintiffs any of the cotton sued for after demand therefor by plaintiffs' agents and offer to surrender the proper tickets to defendants, then the burden of proof as to what was the cause of such failure is upon the defendants, and unless they show by a preponderance of the testimony in such case an excuse under the charges given that renders them not liable you will find for the plaintiffs."

Concerning these instructions, appellants assign error upon the action of the court in giving the one and refusing the other, their contention being that the proof showed that appellees occupied the relation towards appellants of bailees for hire, thereby casting upon appellees the burden of proof. We are of the opinion that the testimony failed to show the relation referred to, and that no error was committed in the ruling referred to.

Other assignments are addressed to the action of the court in giving and refusing instructions, all of which are overruled. We are of opinion that no affirmative error has been pointed out as to the instructions given, and that those requested were properly refused. Furthermore, if the charge of the court did not correctly state the law, we are of opinion that appellants are not in a position to complain on that score; because, according to the facts established by undisputed testimony, they were not entitled to recover, and the court might properly have instructed a verdict against them.

Appellants alleged in their petition that between September 12 and November 14, 1899, twenty different persons delivered to appellees one bale of cotton each, which was received by the latter as bailees for hire, and tickets issued therefor, each bearing a separate number, and containing the name of the bailor and weight of the bale, and the following stipulation: "Transferable only on the books of yard." They further alleged in their petition that they purchased said twenty bales of cotton and twenty tickets from the owners and holders of the tickets.

The testimony fails to show that appellants bought any of the cotton or tickets from the persons named in the petition as the original owners and bailors. It was shown by the testimony that they bought several hundred bales of cotton from a Mr. Pickett, in the early part of December, 1899, and they produced in court twenty-two tickets issued by appellees, which appellants had in possession at the end of the cotton season of 1899; and their bookkeeper, Brunner, identified some of the tickets as included in the purchase from Mr. Pickett, and most of the tickets produced correspond in number with those described in the petition as having been issued to certain named individuals. But the plaintiffs failed to prove, and the entire testimony failed to show, that the tickets referred to were ever transferred on the books of the defendants' cotton yard. Nor was it shown that any of the cotton described in the plaintiff's petition was in the cotton yard or the defendants' possession at the time the plaintiffs purchased the tickets relied on as showing title in them.

The plaintiffs sought to avoid the effect of the failure to prove the important facts thus noted, by attempting to show that it was the custom of the defendants in the transaction of their business to recognize tickets issued by them as evidence of title, and not deliver cotton stored with them until the tickets issued therefor were produced. But the proof fails to show that such was the uniform rule. On the contrary, the defendant Cloud, who testified as a witness for the plaintiffs, recited an instance in which the plaintiffs themselves had received and shipped cotton from the defendants' yard without surrendering the tickets. And the defendant Granberry's testimony was to the effect that cotton had been surrendered to the bailors in several instances without the production of the tickets. If the custom or rule relied on by appellants had been shown to be absolute, then it might be necessary to determine whether the existence of such custom could be held to supersede or waive the stipulation in the tickets declaring them nonassignable except upon the books of the yard. But as the proof failed to show that such was the uniform custom, it is unnecessary to decide that question. In so far as the tickets referred to evidence contracts, we think the stipulation restricting the right of assignment must be given force and effect. Therefore we hold that the mere production by the plaintiffs of tickets issued by the defendants to other persons than the plaintiffs, accompanied by proof of demand by the plaintiffs and failure of the defendants to deliver the cotton, was insufficient to establish any liability against the defendants.

We do not hold that the transaction by which the plaintiffs acquired the tickets did not, as between them and those from whom they obtained the tickets, vest title in the plaintiffs to the cotton represented by the tickets; but we do hold that the restriction upon the right of assignment embodied in the tickets themselves should at least be given the effect of requiring the plaintiffs to prove that the tickets had been transferred on the books of the defendant, or that the cotton was in their possession at the time the plaintiffs acquired the tickets, and that while holding such possession, the defendants received notice of the fact that the plaintiffs had bought the cotton.

Appellants' objections to certain rulings of the trial court concerning the admissibility of testimony are not regarded as tenable, and are therefore overruled.

No reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.