STAMFORD COMPRESS COMPANY v. FARMERS & MERCHANTS NATIONAL BANK.

Decided April 23, 1910.

**Warehouse Receipt—Cotton Compress—Liability to Assignee.**

A cotton compress company issued a receipt for a certain number of bales of cotton for account of a certain party, wherein it was stipulated "this receipt must be returned on delivery of the cotton and is non-negotiable;" the owner of the cotton assigned the receipt and the assignee demanded the cotton of the compress company, but the company refused to comply with the demand or account for the value of the cotton on the ground that, having no notice of the assignment of the receipt, it had delivered the cotton to a third party on the order of the owner, without surrender of the receipt. Held, the compress company was liable to the assignee of the receipt for the value of the cotton. Sanger v. Travis County Farmers' Alliance, 37 Texas Civ. App., 321, distinguished.

Appeal from the District Court of Taylor County. Tried below before Hon. Thos. L. Blanton.

*Davenport & Davenport* and *Hardwicke & Hardwicke,* for appellants.—When the parties to a contract stipulate therein that it is non-negotiable, such stipulation controls, and an assignee in face of such stipulation acquires no rights against any one other than the assignor. Missouri, K. & T. Ry. Co. v. Carter, 95 Texas, 479; Lakeview Land Co. v. San Antonio Trac. Co., 95 Texas, 257; Rev. Stats., arts. 308, 309; National Oil & C. Co. v. Teel, 95 Texas, 586; Swearingen v. Buckley, 1 Posey's U. C., 421; 4 Cyc., 32, 33; 2 Am. & Eng. Ency. Law, 1077, 1080, 1099.

*J. M. Wagstaff,* for appellee.—The Stamford Compress Company having issued the ticket which, in law, is a warehouse receipt, the holder of the ticket or the assignee of the ticket was entitled to the cotton upon delivery of the receipt, and a transfer or assignment of the ticket to a purchaser operated as a transfer of the cotton to the assignee without notice to the Compress Company, and the Compress Company held the cotton for the assignee and not for the party to whom the ticket was originally issued. Friedman v. Peters, 18 Texas Civ. App., 11; National Bank of Cleburne v. Citizens Nat'l Bank of Cleburne, 41 Texas Civ. App., 535; Union Trust Co. v. Wilson, 198 U. S., 530; First Nat'l Bank of Cincinnati v. Bates, 1 Fed., 702.

SPEER, ASSOCIATE JUSTICE.—The Farmers & Merchants National Bank sued Stamford Compress Company and recovered a judgment as assignee of the following compress cotton ticket:

"No. 290.   Stamford, Texas, May 13th, 1908.   No. Bales, 42.

"Stamford Compress Company received from West Cotton Yard for account of Will Rives, mark ........ at owner's risk forty-two bales cotton. Not responsible for water damage or loss or damage by fire. This receipt must be returned on delivery of the cotton, and is non-negotiable. (Signed) T. O. Purkett, Supt."

The defendant has appealed principally upon the contention that it had no notice of the assignment of the receipt and cotton represented by it to appellee, and that it delivered the cotton to the order of Will Rives upon his statement that the receipt was then among his papers in a Stamford bank and that he would deliver the same when he could get access to his papers. We can not sustain the contention that appellant is not liable under these circumstances. It is undoubtedly true that such a receipt, even in the absence of the stipulation against negotiability, is not a negotiable instrument according to the law merchant, but such receipt containing, as this one does, the usual stipulation that the commodity will be delivered only on the return of the receipt, partakes more of the nature of a contract than a mere receipt. The stipulation last referred to is tantamount to an agreement on the part of appellant to become bailee for any and all persons to whom the receipt may be properly transferred or assigned. Union Trust Co. v. Wilson (U. S.), 198 U. S., 530, 49 L. ed., 1154. It is held that the transfer of such a receipt operates as an actual delivery of the property which is represents. Friedman v. Peters, 18 Texas Civ. App., 11 (44 S. W., 572); National Bank of Cleburne v. Citizens National Bank of Cleburne, 41 Texas Civ. App., 535 (93 S. W., 209). And in view of these considerations the appellant can not be heard to say that it had no notice of the transfer of the receipt, but is estopped to deny that it held the cotton subject to the return thereof. Stewart v. Phoenix Insurance Co (Tenn.), 9 Lea, 104.

The holding in Sanger v. Travis County Farmers Alliance, 37 Texas Civ. App., 321 (84 S. W., 856), is not contrary to this conclusion, but rather in keeping with it, since the right of the plaintiff in that case was determined by the very stipulation of the receipt itself, to the effect that the cotton was "transferrable only on the books of the yard" issuing the receipt. And the other authorities, to the effect generally that one holding the possession of property for another must be shown to have notice of an assignment to a third person before he can be held by such third person as for a conversion of the property, are not in point because of the absence of the contract feature of the receipt already discussed. We think the view here expressed comports with commercial usage, and is less calculated to work an injury than would be the opposite holding.

Under the evidence the trial court was not required to find that the bills of lading for this cotton, when actually shipped, passed through the hands of appellee, and that it therefore had an opportunity to protect itself, and should have done so.

We find no error in the judgment and it is affirmed.

                                        *Affirmed.*