STEPHENVILLE COMPRESS CO. v. FIRST NAT. BANK OF STEPHENVILLE et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1912.)

1. WAREHOUSEMEN (§ 15*) — RECEIPTS — ASSIGNMENT—NOTICE—NECESSITY.

An assignee of a nonnegotiable warehouse receipt cannot recover against the issuing warehouseman for conversion of the stored goods, in the absence of notice to the warehouseman of the assignment.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 31–34, 37; Dec. Dig. § 15.*]

2. WAREHOUSEMEN (§ 16*) — RECEIPTS—ASSIGNMENT—RIGHTS OF ASSIGNEE.

A bank, which holds warehouse receipts to secure loans to the bailor, is not estopped to sue the warehouseman for delivery of the goods to the bailor, through receiving money from the bailor without knowing that it constituted the proceeds of the goods.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. § 35; Dec. Dig. § 16.*]

3. WAREHOUSEMEN (§ 16*) — ACTION BY ASSIGNEE—PROOF REQUIRED.

An assignee of warehouse receipts to secure loans to the bailor, in suing the warehouseman for conversion by delivering the goods to the bailor, was not bound to show the exact amount of the loans; it being sufficient that they exceed the amount for which judgment is claimed.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. § 35; Dec. Dig. § 16.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by the First National Bank of Stephenville against the Stephenville Compress Company and others. Judgment for plaintiff, and the Compress Company appeals. Reversed and remanded as to appellant.

J. B. Keith, of Stephenville, and C. K. Bell, of Ft. Worth, for appellant. J. C. George and Martin & Johnson, all of Stephenville, for appellee First Nat. Bank. J. D. Williamson, of Waco, for appellee Crespie, Roensch & Co.

SPEER, J. This suit was instituted in the district court of Erath county by the First National Bank of Stephenville against Crespie, Roensch & Co., a corporation, the Stephenville Compress Company, a corporation, and John Crotty & Son Company, a copartnership composed of John Crotty, W. E. Crotty, and C. D. Waldo. The plaintiff bank alleged that it had an agreement with the firm of John Crotty & Son Company to furnish them with money with which to buy cotton for the season of 1909, according to the terms of which the firm agreed to deliver to the bank the receipts of the defendant compress company and of all others to whom they might deliver cotton, with the intention that said receipts and the cotton which they represented should be pledged to the bank as security for all advances made by the bank to the copartnership; that the defendant Stephenville Compress Company issued certain receipts to the John Crotty & Son Company, which receipts were delivered to the plaintiff under its agreement with John Crotty & Son Company, such receipts stipulating that the cotton would only be delivered upon the return of the receipts; that contrary to such stipulation, and to the custom of the country, which was pleaded, the defendant compress company wrongfully delivered the cotton to John Crotty & Son Company without the receipts, while the plaintiff yet held them, and while the sum for which they were pledged was yet due and unpaid; and, therefore, prayed that it have judgment against John Crotty & Son Company for its debt, and against the defendant compress company for the possession of the cotton, and, if that could not be found, for a personal judgment against it as for a conversion. It is unnecessary to state in detail all the pleadings of the parties. A jury trial resulted in an instructed verdict in favor of the defendant Crespie, Roensch & Co. and a finding by the jury in favor of the plaintiff against the firm of John Crotty & Son Company and its individual members, and in favor of the plaintiff against the defendant Stephenville Compress Company, followed by appropriate judgment, from which judgment the Stephenville Compress Company alone has appealed.

[1] The cause was tried on December 26, 1910, and the issues of law submitted in accordance with the decision of this court in the case of Stamford Compress Co. v. Farmers' & Merchants' Nat. Bank, 129 S. W. 1160. as evidenced by the following paragraph of the court's charge: "You are instructed that the alleged compress receipts, if they were in fact issued and delivered, entitled the holder to demand and receive the cotton for which they were issued, and that if in fact John Crotty & Son Company, defendants, were indebted to plaintiff, and if to secure such indebtedness they delivered to plaintiff bank the alleged compress receipts, and that such receipts were issued by defendant compress company, then that such compress receipts were issued by defendant compress company, then that such compress re-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ceipts constituted a valid lien upon the cotton for which they were issued, and entitled the plaintiff to demand and receive such cotton." Under the evidence in the record there was an issue as to whether or not the compress company had notice that the plaintiff bank held its receipts. The Supreme Court granted a writ of error in the Stamford Compress Case, and on February 21, 1912, speaking through Chief Justice Brown, the majority of that court held that, such receipts being nonnegotiable, the holder could not recover against the issuing company in the absence of notice to that company of the assignment. See Stamford Compress Co. v. F. & M. Nat. Bank, 143 S. W. 1142. Mr. Justice Ramsey filed in that case a very able dissenting opinion, in which the question is more elaborately discussed and the authorities more numerously cited than was done in the opinion of this court. See 144 S. W. 1130. This decision of the Supreme Court necessarily calls for a reversal of the present case, and the judgment will be reversed, and the cause will be remanded for trial in accordance with that opinion.

[2] In view of another trial, it is proper to say that we do not think the plaintiff is precluded from a recovery merely because it received the proceeds of the sale of the Stephenville Compress Company cotton, in view of the fact that it received the money from the John Crotty & Son Company without knowing that such was the proceeds of this cotton, and in consideration of the payment surrendered to that firm other cotton receipts which they held as collateral to its loans. Its conduct, to constitute ratification or waiver, must have been predicated upon a full knowledge of all the facts. If, however, it did knowingly accept the proceeds of a sale of the Stephenville Compress cotton, or in any manner authorize the delivery to John Crotty & Son Company, then the compress company would be entitled to recover as to such cotton, and would not be limited, of course, to the proceeds of the same, if such proceeds should prove to be of less value than the cotton.

[3] The twenty-second special instruction was properly refused, because it was both argumentative and misleading. While it is true the appellee bank would have to show an indebtedness against the John Crotty & Son Company, which was secured by a lien on the cotton in controversy, before it could recover against the appellant compress company, still it would not be required to show, as the charge declares, "by a preponderance of the evidence the exact amount of the indebtedness," if such indebtedness was shown to exceed the amount for which judgment was sought against the appellant.

The statement contained under the ninth assignment of error is insufficient to show error in the refusal of the charge there referred to, and, besides, on another trial, if the case is submitted in accordance with the opinion of the Supreme Court hereinabove referred to, such question can hardly arise again.

Reversed and remanded as to Stephenville Compress Company alone.