TALIAFERRO et al. v. BRADY NAT. BANK.
(No. 5985.)

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1919.)

1. APPEAL AND ERROR ☞230 — REVIEW—WAIVER OF OBJECTIONS TO CHARGE—STATUTE.

General objection of defendants, when trial court announced it would instruct verdict for plaintiff, *held* no objection at all to charge before reading to jury within Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, so that objection to instruction cannot be considered.

2. WAREHOUSEMEN ☞34(2)—PLEDGE OF RECEIPTS AS SECURITY—EXHAUSTION OF OTHER SECURITY—PUBLIC WEIGHER AND SURETIES.

Public weigher and his sureties were not entitled to require bank, which took as collateral security cotton receipts signed by weigher, to foreclose its mortgage upon security other than cotton or receipts before it could recover against weigher and sureties for weigher's breach of statutory duty in releasing cotton without surrender of receipts.

3. WAREHOUSEMEN ☞34(2)—PLEDGE OF RECEIPTS—EXHAUSTION OF OTHER SECURITY—PROCEEDING AGAINST WEIGHER AND SURETIES.

Bank which took cotton receipts issued by public weigher, in addition to other security for debt, debtor having left country and other property securing debt having been disposed of or not being discoverable *held* not required to foreclose upon or exhaust such property before going against public weigher and sureties for breach of statutory duty in releasing cotton without surrender of receipts.

4. WAREHOUSEMEN ☞34(11) — RECOURSE AGAINST PUBLIC WEIGHER AND SURETIES—PROTECTION BY JUDGMENT.

Rev. St. 1911, art. 6332, *held* without application, in suit by bank against public weigher and sureties for breach of duty in releasing without surrendering of receipts cotton for which he had issued receipts, which were pledged to bank, to require judgment to protect weigher and sureties by subjecting property of depositor of cotton and pledgor of receipts first to execution, etc.

5. WAREHOUSEMEN ☞16, 25(5) — PUBLIC WEIGHER—LIABILITY—DELIVERING COTTON WITHOUT SURRENDER OF RECEIPTS.

In view of Rev. St. 1911, arts. 583, 584, bank having taken valid assignment of cotton receipts issued by public weigher, and having thereby and by agreement with assignor or pledgor of receipts as security acquired title to cotton, under article 7830, public weigher, on breach of official duty in delivering cotton to assignor or pledgor without requiring surrender of receipts, must respond to bank, in suit in its own name, for its loss.

6. APPEAL AND ERROR ☞173(2)—THEORY OF CASE BELOW—FAILURE TO RAISE DEFENSE IN TRIAL COURT.

In suit by bank, assignee of cotton receipts issued by public weigher, against weigher and sureties for breach of duty in releasing cotton without surrender of receipts by assignor, where weigher and sureties did not make, in trial court, defense that there was no indorsement of receipts and no notice to weigher of assignment, it is not available to them on appeal.

7. WAREHOUSEMEN ☞25(5) — LIABILITY OF WEIGHER AND SURETIES.

Under stipulation in cotton receipts that cotton would be delivered only on return of receipts, and Rev. St. 1911, art. 7830, requiring public weigher to keep in possession property for which certificates are issued until certificate is surrendered, liability of public weigher and sureties to bank, assignee of cotton certificates issued by weigher, *held* fixed by delivery of cotton to assignor without return of certificates.

Appeal from McCulloch County Court; J. E. Brown, Judge.

Suit by the Brady National Bank against C. E. Taliaferro and others. From judgment for plaintiff, defendants appeal. Affirmed.

S. C. Rowe, of Ft. Worth, and Adkins & Adkins, of Brady, for appellants.

Shropshire & House, of Brady, for appellee.

BRADY, J. Appellee, Brady National Bank, brought this suit against W. M. McMorries and the appellant C. E. Taliaferro, and the other appellants, sureties upon his official bond as public weigher. The action against W. M. McMorries was upon a promis-

sory note executed February 1, 1916. Appellee alleged that at the time of the execution and delivery of said note to it by McMorries, the latter delivered to appellee two cotton certificates or cotton warehouse tickets or receipts issued by appellant Taliaferro as public weigher, which were then and there attached to the note. The form of each cotton certificate or receipt is as follows:

"No. 3082.	Melvin, Texas, 10/28/15.
"C. E. Taliaferro Cotton Yard.
"Received from W. M. McMorries for ——— one bale of cotton in apparent good order, to be delivered only on return of this receipt and payment of charges thereon. No duplicates issued. Mark—W. M. M.	Gin C.—Weight 545.	Fees 10c.	———————Weigher.
"Eddie Taliaferro, Deputy."

Appellee alleged that said cotton receipts were delivered by McMorries to appellee as collateral security to secure the payment of his note, and at the time of the delivery of the receipts McMorries agreed that the bank was to hold same as security for the note; that they were not to be delivered to McMorries until the note was paid, and that the bank should be entitled to the possession and title of the cotton described in the receipts; and that in the event of default in the payment of the note, the receipts were to become the property of the bank, with authority to sell the cotton and apply the proceeds to the payment of the note. Appellee further alleged that appellant Taliaferro was required by statute to issue said cotton receipts as public weigher, and was required by the terms of the statute to keep the two bales of cotton and not to deliver same to McMorries or any one else, except on return to him of the receipts; that it was a breach of the stipulations in the receipts, as well as of his official duty, to deliver the cotton without surrender and cancellation of the receipts, but that Taliaferro delivered the two bales of cotton to McMorries without requiring the return of the receipts, and that at the time said cotton was redelivered to McMorries the receipts were in the possession of appellee, and were its property, and that such delivery to McMorries was without the knowledge or consent of appellee.

Appellee further alleged that the conduct of Taliaferro amounted to conversion of the cotton, and prayed for judgment against him and the sureties on his official bond for the value of the cotton.

McMorries did not defend, but appellant Taliaferro answered by general demurrer, general denial, and by a plea of estoppel, and the other appellants adopted Taliaferro's answer, and specially pleaded that the receipts were issued by Taliaferro as a warehouseman, and not as a public weigher, and that, therefore, they were not liable as sureties on said bond. The court instructed the jury to return a verdict against McMorries for the amount due on the note, and against Taliaferro and his sureties for the value of the cotton, which was found by the jury to be $243.71, being less than the amount of McMorries' debt to the bank. Upon this verdict for appellee judgment was rendered, from which appellants take this appeal.

[1] Appellants' first, second, and fourth assignments of error complain of the trial court's action in instructing a verdict in favor of appellee, but these assignments will not be considered by this court, for the reason that the alleged errors have been waived by appellants, under article 1971, Vernon's Sayles' Civil Statutes. This statute requires that all objections to the court's charge must be presented to the court before it is read to the jury, and that "all objections not so made and presented shall be considered as waived."

The transcript in this case shows that the only objection made to the court's charge, as shown by appellants' bill of exception No. 1, was that when the court announced that he would instruct a verdict for the plaintiff, the appellants objected as follows:

"To which action of the court * * * in instructing the jury to find in favor of the plaintiff, the defendants through their counsel then and there in open court excepted."

This general objection was, in our opinion, no objection at all within the purview of the above statute, because it did not point out any specific ground of objection to the charge or any alleged error in giving the same. Therefore we hold that the alleged errors in instructing a verdict for the plaintiff complained of in the first, second, and fourth, assignments of error have been waived, and cannot be considered by this court.

[2, 3] Appellants' third assignment of error presents the point that the trial court erred in rendering judgment against appellants, because it appeared that the appellee had a mortgage upon other personal property to secure the note in suit, and that appellee neither alleged nor proved that the property so mortgaged was depreciated in value by the acts of appellant Taliaferro, or was not sufficient to satisfy the note, and that appellants would, in any event, only be liable in damages for the balance due appellee after exhausting the proceeds of such additional security; and that as the certificates were only delivered as collateral security, appellee should be required to foreclose its lien on the additional security, unless its failure to foreclose should be excused by appropriate averments and proof.

This assignment is not in strict compliance with the rules, and in reality indirectly attacks the charge of the court in instructing a verdict for appellee, which alleged error we have held has been waived; but as, in form,

the assignment complains of the action of the court in rendering judgment, we will consider the same. We are of the opinion that under the authorities appellants were not entitled to require the bank to foreclose its mortgage upon the other security before it could recover against appellants for their alleged wrongful acts, and for breach by Taliaferro of his statutory duty as a public weigher. Wilkes v. Adler, 68 Tex. 690, 5 S. W. 497; Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 717, and authorities there cited; Jones on Chattel Mortgages, § 448. But, if the rule of law were otherwise, the bank fully excused its failure to foreclose upon and resort to the additional security, because it was shown, without dispute, that McMorries left the country and had gone to parts unknown, and that the other personal property covered by the mortgage had been disposed of or could not be found; that appellee had endeavored to locate said property for the purpose of foreclosing on it, but was unable to find it. Under these circumstances, it cannot be justly contended that appellee was required to foreclose upon or exhaust the property embraced in its chattel mortgage, whatever the rule would ordinarily be in such cases. For these reasons, the third assignment of error is overruled.

[4] Appellants present as fundamental error in their fifth assignment the proposition that the judgment of the court is erroneous, in that it does not protect appellants, in failing to require that the property of McMorries be first subjected to execution, and that if his property subject to execution should be insufficient to satisfy the judgment, execution should be first levied against appellant Taliaferro, and then execution should issue against the sureties, in case no property belonging to Taliaferro should be found sufficient to satisfy the judgment. Appellants cite article 6332, Revised Civil Statutes, in support of this proposition.

The relief here suggested was not asked by any pleading below, nor in the motion for new trial, and we seriously doubt whether the assignment presents any question of fundamental error. However, we are of the opinion that the statute cited has no application to the facts of this case, and that the judgment, under the pleadings and proof and under the verdict of the jury, was the proper judgment to be rendered. For all of which reasons the fifth assignment of error will be overruled.

[5, 6] The last assignment of error presented by appellants is the sixth assignment, claimed also to be fundamental error. By this assignment appellants raise the point that at common law a nonnegotiable warehouse receipt in the hands of an assignee confers no right of recovery by the assignee against the warehouseman for conversion or loss of the property, in the absence of notice to the warehouseman of the assignment before the conversion or loss; and that by article 7830, Revised Statutes, certificates of public weighers are made negotiable only by indorsement and delivery, and there being no indorsement pleaded or proven in this case, and the undisputed evidence showing no notice to Taliaferro of the assignment of the receipts to the bank prior to the delivery of the cotton to McMorries, there can be no recovery against Taliaferro, or the sureties on his official bond.

This is really an indirect attack upon the charge of the court, peremptorily instructing a verdict for plaintiff, and no such objection was urged to the charge below. We gravely doubt whether it can properly be regarded as fundamental error, but we have decided to consider it.

The statute invoked does provide that certificates issued by public weighers shall be negotiable by delivery and indorsement of the owner, and doubtless such certificates cannot be classed as negotiable paper, with all the qualities, rights, and defenses incident to such instruments, unless there has been both delivery and indorsement by the owner. But in the issues of this case, we do not find any question dependent upon the negotiability of the receipts or certificates in controversy. In our opinion, the rights of the bank accruing from the transfer and assignment of the receipts, which were merely symbols of the property and therefore conveyed the title to the cotton, are not made to depend upon and are not determined by the negotiability of the certificates.

The statute cited (article 7830) specifically provides that it is the duty of the public weigher to keep in his possession the property for which certificates are issued, when same is left in storage with him, and he is by the very terms of the statute commanded and required to "not to remove or permit to be removed such produce, until such certificate is returned and delivered to him; and he shall immediately stamp or mark in writing with ink such certificate 'Canceled.'"

The bank having taken a valid assignment of the certificates, and having thereby, and also by express agreement with McMorries, acquired the title to the cotton, if the terms of the above statute are to be enforced, Taliaferro, upon the breach of his official duty in delivering the cotton to McMorries without requiring the surrender and delivery of the certificates, must, upon the plainest principles of justice, respond to the bank for its loss sustained thereby.

By article 583, Revised Statutes, the obligee of any nonnegotiable instrument may transfer by assignment to another all the interest he may have in the same, and by the succeeding article, the assignee is authorized

to maintain an action thereon in his own name; but it is provided in the latter that the assignee shall allow every discount and defense against the same, which it would have been subject to in the hands of any previous owner before notice of the assignment is given to the maker.

Under these statutes, it is clear that the bank took title to the receipts or certificates, and therefore to the cotton by the assignment from McMorries, and has the right to maintain suit thereon and therefor in its own name. If it be conceded that the defenses sought to be presented by the above assignment of error were available to appellants, they are defensive matters, and must, in our opinion, have been pleaded and proven below. No such defense was made in the trial court, and is raised for the first time on appeal, and we do not think it now available to appellants, if it ever was.

[7] Moreover, in our opinion, by virtue of the stipulation in the receipts or certificates that the cotton described therein would be delivered only on return of the receipt, and by virtue of the statutory provision commanding and directing the public weigher not to deliver the property except upon surrender and cancellation of the certificates, the liability of the public weigher and his sureties was fixed by the delivery of the cotton to McMorries without the return of the certificates. The certificates issued by Taliaferro on their face read that the cotton would be delivered only on return of the receipts, and we do not think appellants should be permitted to deny what was thus represented, and cause loss to appellee, which in good faith acted upon such statement and lent money thereon, upon the faith of these representations, and in the belief that appellant would perform his statutory duty.

Appellants cite the case of Stamford Compress Co. v. Bank, 105 Tex. 44, 143 S. W. 1142, 144 S. W. 1130, Ann. Cas. 1914D, 1298, a decision by our Supreme Court. In this case an able dissenting opinion was rendered by Associate Justice Ramsey; but, of course, we are to be controlled by the opinion of the majority, and if their decision is in point on this question, we must follow it.

Appellants also cite the case of Stephenville Compress Co. v. Bank, 148 S. W. 335, which merely yields assent to the opinion of the Supreme Court in the former case.

We have carefully examined the opinion of Chief Justice Brown in the Stamford Compress Company Case, and we find that he distinguishes a warehouse receipt, which on its face specifically provides that it would be delivered "only upon return of the receipt," from the receipt issued by the compress company in that case. In reviewing Babcock v. People's Savings Bank, 118 Ind.

212, 20 N. E. 732, Chief Justice Brown stated that the words "only upon return," etc., contained in the warehouse receipt, were correctly held by the Supreme Court of Indiana to have the effect of making the warehouseman bailee of the assignee, and that it authorized the assignee to rely upon the implied promise to hold the property for any assignee of the receipt. In concluding his review of this case, Chief Justice Brown said, "No such recital occurs in the receipt in this case." It is to be noted also that Chief Justice Brown quotes with approval from Stewart v. Insurance Co., 9 Lea (Tenn.) 104, wherein it was said:

"The stipulation upon the face of the receipt that the articles mentioned will be delivered only upon the return of the receipt is a contract upon which the assignee has the right to rely, upon the faith of which he has acted and for the breach of which he has his action against the warehouseman."

In view of the fact that the receipts issued in this case contain precisely the same language as the receipts considered in the Indiana and Tennessee cases, above cited and approved by Chief Justice Brown, and in view of the further fact that our statute makes this stipulation a positive duty of the public weigher, we think the facts of this case must be distinguished from those considered in Stamford Compress Co. v. Bank, and that said case must be held inapplicable.

For the above reasons, we are of the opinion that even if the points presented can be considered as fundamental error, there is no merit in the sixth assignment of error, and the same will be overruled.

This disposes of all the questions raised on the appeal in the assignments which we are permitted to consider, and, finding no reversible error in the record, the judgment of the trial court will be affirmed.

Affirmed.