McDONALD v. WILSON.   (No. 6037.)

(Court of Civil Appeals of Texas. Austin. Feb. 12, 1919.)

APPEAL AND ERROR ☞230—PEREMPTORY INSTRUCTION—WAIVER OF OBJECTION.

All error in giving peremptory instruction for appellee, as well as refusing peremptory instruction for appellant, is waived by appellant's failure to object in the trial court to such charge or such refusal before the charge is read to the jury, as required by Rev. St. 1911, arts. 1971, 2061, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1971, 2061).

Appeal from McLennan County Court; James P. Alexander, Judge.

Suit by C. L. McDonald against R. L. Wilson. From a judgment for defendant, plaintiff appeals. Affirmed.

S. J. T. Smith, of Waco, for appellant.

Nat Llewellyn and J. T. Kitching, both of Marlin, and J. D. Willis, of Waco, for appellee.

BRADY, J.   Appellant brought this suit against appellee to recover on a note dated October 10, 1912, and to foreclose a chattel mortgage on a piano, for which the note was a part of the purchase price; and which note was purchased by appellant after maturity.

On the trial appellee admitted that he had never paid this note, and that he owed the debt for which it was given, and was ready, willing, and able to pay the same, but that his only reason for not doing so was that he had given certain other notes for the same debt, which were claimed by the original payee of the note in suit to have been lost or misplaced; the note sued on being itself given in substitution of certain of these other notes. The appellee further testified that these several notes were still outstanding, but in whose hands he did not know, and it appeared that all of said outstanding notes were probably barred by limitation at the date of the trial. Thereupon appellant filed his trial amendment, offering to indemnify appellee against loss or damage by reason of the outstanding notes, and tendered him an indemnity bond in the sum of $850, which

was by the court held to be a good and sufficient bond in amount, conditions, and solvency, but which was refused, because, under his view of the law, it could not be approved and accepted, and was no answer to appellee's defense.

The court gave a peremptory charge to the jury to find a verdict for the appellee, which was returned in accordance therewith, and judgment was by the court entered thereon for appellee.

Appellant's first and fourth assignments of error complain of the action of the trial court in giving the peremptory instruction for the defendant, and his fifth assignment of the alleged error of the trial court in failing and refusing to give a peremptory instruction for appellant.

Appellant's second and third assignments of error present the point that the trial court erred in rendering judgment on the verdict, because of the state of the undisputed evidence showing that the debt was due and unpaid, and that, when it developed upon the trial of the cause that other notes were outstanding, appellant offered to give a good indemnity bond to protect appellee. These are all the assignments in the record.

It does not appear from the record that, at the time the court gave the peremptory instruction in favor of appellee, the appellant made any objection thereto, nor that he objected to the refusal of the trial court to give the peremptory instruction requested by appellant; and we are of the opinion that under our statutes none of these assignments can be considered by this court, but that all have been waived by the failure of appellant to object to the court's charge when given. The two assignments in form attacking the judgment of the court are in reality but attacks upon the verdict and the action of the trial court in giving the peremptory instruction. Under the law the court was required to either enter judgment on the verdict, or to set the same aside; and, if the appellant had waived his right to present any objections to the giving of the peremptory instruction, after the return of the verdict, it was not only proper for the court to enter judgment on the verdict, unless there were other material errors committed, but it was its duty to carry the verdict into judgment. The effect of the peremptory instruction, upon return of the verdict, was to require the trial court to enter judgment thereon. Therefore, all the assignments must stand upon the same basis, and the question whether any of them can be considered by this court is the same.

Chapter 59 of the Acts of the Thirty-Third Legislature, page 113, amended articles 1970 to 1974, inclusive, Revised Statutes, so as to require the judge to give a written charge to the jury, unless waived by the parties to the suit, and that said charge should be submitted to the attorneys for examination and objec-

tion, before being given to the jury. It is provided, in article 1971, that objections shall in every instance be presented to the court before the charge is read to the jury, and it is expressly provided that "all objections not so made and presented shall be considered as waived." This act also amends article 2061, Revised Statutes, so as to now read as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved, unless excepted to as provided for in the foregoing articles."

These articles of the statutes are mandatory, and if the giving of a peremptory instruction is within the purview of said articles, or either of them, appellant, not having objected to such charge in the court below before or at the time it was given, has waived his right to object to any error in the giving of the same, and this court is without power to consider such objection presented for the first time in the motion for new trial.

We confess to have had some difficulty in deciding this question, especially in view of a conflict in the decisions of the Courts of Civil Appeals.

It was held by the Court of Civil Appeals for the Seventh District, in Owens v. Corsicana Petroleum Co., 169 S. W. 192, that the above statute, providing that objections to the charge of the court not made in the trial court shall be deemed waived, does not apply to a peremptory instruction. A writ of error was granted by the Supreme Court in that case, but upon another point, and the case seems to have not yet been decided by the Supreme Court.

In Conn v. Houston Oil Co., 171 S. W. 521, the Court of Civil Appeals for the First District held that the rule requiring a charge to be excepted to in the trial court does not apply to a peremptory instruction on a special issue, but the opinion does not refer to the statute which we have quoted. However, it was decided after the enactment of said statute.

On the other hand, in Ry. Co. v. Wheat, 173 S. W. 974, the Court of Civil Appeals for the Second District decided that assignments of error, complaining of the refusal of the trial court to give a peremptory instruction, could not under the above statute be considered on appeal, where it is not shown that any objection or exception was taken in the court below to the refusal to give the charge. Chief Justice Conner referred to the holding in Owens v. Corsicana Petroleum Co., supra, and pointed out that the peremptory instruction in the latter case was an oral charge, and that possibly it might be held that the legislative act would not be applied in said case, for that the same statute requires a charge to be in writing, and that counsel should be given reasonable opportunity to

examine the charge and present objections thereto. In the course of the opinion Chief Justice Conner said:

"The act is not only explicit, but it is also mandatory in its terms. Nor is it limited to any particular character of charge. A peremptory charge to end the controversy by a verdict on the merits in favor of one of the litigants seems certainly within the broad terms of the statute, and in its essence is a concrete statement on the part of the court of the controlling law of the case. In this state it has frequently been held that, to be available on appeal, exception must be reserved to errors in the court's general charge, as well also as to the refusal upon the part of the trial court to submit certain special issues."

After citing numerous decisions on this point, including federal cases holding the rule to be the same in federal courts under a similar practice act, he concludes:

"So that we see no satisfactory reason for holding that the charge or instruction under consideration is not within the purview of the act of 1913, or why we should, as to it, disregard the mandate of the Legislature, to the effect that, in the absence of a proper exception, the action of the court in refusing it shall be regarded as approved."

In Needham v. Cooney, 173 S. W. 981, the Court of Civil Appeals for the Eighth District also held that said act does apply to a peremptory instruction, and that an assignment would not be considered on appeal where objection was not made below. Judge Higgins quoted with approval from Ry. Co. v. Wheat, supra, and approved the opinion in the latter case in the following language:

"This reasoning seems to us to be conclusive, and to hold that the act does not apply to a written peremptory charge would be in violation of the plain legislative mandate, and would by judicial construction impose an · exception not authorized by its language. The words of a statute, if of common use, are to be taken in their natural, plain, and ordinary signification. 2 Lewis' Sutherland, Statutory Construction (2d Ed.) § 358. Undoubtedly, 'the charge to the jury on the law of the case' would embrace a peremptory instruction, as it is but a concrete statement by the court of the law of the case and instruction to apply it. It may be that good reasons may be suggested why such an instruction should be excepted from the operation of the statute, but, if so, such exception must be made by the Legislature, and cannot be supplied by judicial construction."

Judge Higgins further considered the point that the giving of a peremptory instruction raises the question of fundamental error, which was also raised in Ry. Co. v. Wheat; but in both these cases it was held not to be fundamental error, but, if it should be considered fundamental error, still under the terms of the statute it is waived, unless objection was made below in the manner prescribed.

In Needham v. Cooney, a writ of error was refused by the Supreme Court (183 S. W. xvi). The writer has examined the original application for writ of error in that case, and found that the applicant alleged the above conflict in decisions of the Courts of Civil Appeals on this question as a ground for jurisdiction of the Supreme Court, and cited these and other cases of several Courts of Civil Appeals, which it was claimed were in conflict thereon. Furthermore, the applicant assigned as one of his assignments of error that the Court of Civil Appeals had erred in holding that objection must be made in the trial court to the giving of a peremptory instruction, or it will be waived and cannot be considered on appeal.

In Ry. Co. v. Feldman, 170 S. W. 133, this court, in an opinion by Chief Justice Key, held that an assignment, complaining of the action of the trial court in refusing to instruct a verdict for appellant, could not, by force of the above statute, be considered on appeal, where the record does not show that appellant excepted to the court's refusal.

It is believed that the reasoning in Needham v. Cooney, and the other cases cited above which hold this statute applies to peremptory instructions, and that whether error in the giving of such a charge be regarded as fundamental or not, it is waived by a failure to object in the trial court, is conclusive; and we have decided to hold in accordance therewith, as we virtually held in Ry. v. Feldman, and Taliaferro v. Brady National Bank, 209 S. W. 174, decided by this court February 5, 1919, but not yet officially reported, that all error in the giving of a peremptory instruction in this case, as well as in refusing appellant's requested instruction, was waived by appellant, in that the record fails to show that he made any objection in the trial court to such charge or to such refusal, before it was given to the jury. Therefore, the judgment will be affirmed.

Affirmed.